Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SHERIDAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DRAGONFLY ENERGY CORPORATION; SENTRYLINK LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT:**<br><br>1) Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.<br><br>2) Violation of NRS 613.520, *et seq*.<br><br>**INDIVIDUAL COMPLAINT:**<br><br>3) Violation of NRS 613.010;<br><br>4) Breach of Contract; and<br><br>5) Promissory Estoppel.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff MICHAEL SHERIDAN, on behalf of himself and all others similarly situated and alleges the following class and individual claims:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question. "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the

amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

2. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein arise out of the same transaction and occurrence as the federal question.

3. Venue is proper in this District because Defendants do business in this judicial district, Plaintiff applied for employment here, the illegal and unlawful act complained of occurred here.

### PARTIES

4. Plaintiff MICHAEL SHERIDAN ("SHERIDAN") is a natural person who has been a resident of states of Florida and Nevada, during the relevant time period alleged in this action, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) and a "worker" within the meaning of NRS 613.010.

5. Defendant DRAGONFLY ENERGY CORPORATION ("DRAGONFLY") is a corporation registered in the state of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b) and a "corporation" within the meaning of NRS 613.010.

6. Defendant SENTRYLINK LLC ("SENTRYLINK") is an entity registered in the State of Maryland and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

7. Collectively DRAGONFLY and SENTRYLINK are referred to hereinafter as "Defendants."

8. The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein, and any reference to "Defendants," shall mean "Defendants and each of them."

### FACTUAL ALLEGATIONS

9. Sometime on or about March 2023, Plaintiff, a resident of Tampa, Florida at that time, applied for a position with Defendant DRAGONFLY, a Reno, Nevada based company.

10. On May 16, 2023, Defendant DRAGONFLY offered Plaintiff the position of R&D Engineer II in Reno Nevada. A true and correct copy of the May 16, 2023, offer letter ("Offer Letter") is attached hereto as Exhibit A. Defendant DRAGONFLY's offer of employment to Plaintiff was "conditioned on [Plaintiff's] satisfactory completion of certain requirement, as explained in this letter." *Id.* The Offer Letter further stated that "Your employment is subject to the terms and conditions set forth in this letter, which override anything communicated to you orally or in writing, during your interview or as part of any other communication, about your employment with Dragonfly Energy Corp." *Id.* Notably, successful completion of a background and/or credit check was not a condition for employment that was ever specified in the Offer Letter. Indeed, Defendant DRAGONFLY never notified Plaintiff that it would run a background and/or credit check.

11. Plaintiff accepted Defendant DRAGONFLY's offer of employment on May 16, 2023. That very same day, Defendant DRAGONFLY sent Plaintiff an email with a link to complete all the new hire paperwork. A true and correct copy of that email is attached hereto as Exhibit B.

12. Plaintiff immediately completed the new hire paperwork requested by Defendant DRAGONFLY and was given a new hire start date of June 14, 2023. At no point during this new hire process was Plaintiff ever notified that Defendant DRAGONFLY and/or any one of its agents would run a background and/or credit check on Plaintiff.

13. Since Plaintiff was required to relocate from Tampa, Florida to Reno, Nevada for his new position, Defendant DRAGONFLY provided Plaintiff with a moving and relocation payment of $7,500 on May 19, 2023.

14. On May 30, 2023, Plaintiff notified George Lopes, Director of Human Resources with Defendant DRAGONFLY, that he had packed up his apartment and his furniture was enroute from Tampa, Florida to Reno, Nevada. Plaintiff also notified Mr. Lopes that he had signed a lease Reno. Mr. Lopes responded to Plaintiff that same day, "Thank you, Michael! Safe

travels and we look forward to seeing you on the 14th.  Director of Research & Development with Defendant DRAGONFLY responded to Plaintiff the same day as well, "Sounds great Michael! We look forward to your start."

15. On June 1, 2023, Plaintiff and his family arrived in Reno, Nevada.

16. On June 2, 2023, Plaintiff first became aware that a background and/or credit check had been run on him via email from Defendant SENTRYLINK.  A true and correct copy of that email notification is attached hereto as Exhibit C.

17. On June 5, 2023, Mr. Lopes sent Plaintiff an email with a request to speak on the telephone: "Good morning, Michael, Could you please give me a call today at (775) 622-3448 EXT 152?"

18. Plaintiff immediately called Mr. Lopes and soon discovered that Defendant DRAGONFLY was looking further into Plaintiff's background and/or credit report.

19. On or about June 7, 2023, Defendant DRAGONFLY rescinded Plaintiff's job offer and terminated his employment.

## SUMMARY OF CLAIMS

20. This action is brought as (A) a class action under federal and state law for improper background and/or credit disclosures and (B) an individual action for inducing Plaintiff to relocate to the state of Nevada for a position without disclosing a material term and condition of that employment.

### A. Summary of Class Claims

21. The class action portion of this action is brought pursuant to the Fair Credit Reporting Act ("FCRA") and Nevada's equivalent state statute, Nevada Revised Statute (NRS) NRS 613.520, *et seq*.

22. The class action is brought against both Defendants for the acquisition and use of consumer and/or investigative consumer reports to conduct background and credit checks on Plaintiff and other prospective and current employees without proper legal notification.

23. Defendants obtain background and credit reports for prospective and current employees.

24. Defendants use the information in background and credit reports to make employment related decisions for prospective and current employees.

25. Defendants fail to comply with federal mandates for obtaining and using background and credit reports for employment purposes.

26. Defendants violated the FCRA and NRS 613.520, *et seq.*'s core protections by procuring background and credit reports on employees and job applicants without proper legal notification that a background and credit report would be procured.

27. Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

28. Defendants have willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures.

29. Based on Defendants' conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

### B.     Summary of Individual Claims

30. The individual action in this case is brought pursuant to (i) Nevada's statutory prohibition of luring a worker from another state to work in the state of Nevada, NRS 613.010, (ii) breach of contract, and (iii) promissory estoppel.

### CLASS ACTION REQUIREMENTS

31. Plaintiff asserts his claim on behalf of the following Classes of individuals:

**Nationwide Class**: Any person whom Defendants procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to and including judgment.

**Nevada Class**: Any person whom Defendants procured a background report for employment purposes in the state of Nevada in the period beginning 3 years prior to the filing of the Complaint up to and including judgment.

32. **Numerosity**: The class is so numerous that joinder of all class members is impracticable. Defendants procure background reports on current employees and job applicants without a disclosure. Thousands of Defendants' prospective and existing employees satisfy the class definition.

33. **Typicality**: Plaintiffs' claims are typical of the members of the class. The FCRA and Nevada state law violations suffered by Plaintiff is typical of those suffered by other class members, and Defendants treated Plaintiff consistent with other class members in accordance with its standard practices.

34. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

35. **Commonality**: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

(a) Whether Defendants procured background reports on prospective and existing employees;

(b) Whether Defendants violated the FCRA by procuring such background reports without a legally compliant disclosure;

(c) Whether Defendants' FCRA violations were willful;

(d) The proper measure of statutory damages; and

(e) The proper measure of punitive damages.

36. **Predominance/Superiority**: Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants'

conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA and Nevada law. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

37. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendants' records.

## FIRST CAUSE OF ACTION

**Procuring Consumer Reports without First Making Proper Disclosures**

**15 U.S.C. § 1681b(b)(2)(A)(i)**

(On Behalf of Plaintiff and the Nationwide Class Against Defendants)

38. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39. Defendants procured consumer reports, as defined by the FCRA, on Plaintiff and all Nationwide Class Members. These reports were procured for employment purposes without first providing Plaintiff or any Nationwide Class Member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

40. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Nationwide Class Members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendants' willful conduct is reflected by, *inter alia*, the following:

 (a) The FCRA was enacted in 1970; Defendants has had over 40 years to become compliant;

 (b) Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

(c) Defendants knew or had reason to know that its conduct violated the FCRA;

(e) Defendants repeatedly and routinely uses the disclosure it used with Plaintiffs to procure consumer reports;

(f) Defendants' inclusion of a liability release clearly implies awareness by Defendants that they could be held liable for improperly procuring a consumer report;

(g) Despite the pellucid statutory text and there being a depth of guidance, Defendants' systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(h) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

41. Plaintiff and members of the Nationwide Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

42. Plaintiff and members of the Nationwide Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

43. Plaintiff and members of the Nationwide Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

**Violation of NRS 613.520, *et seq*.**

(On Behalf of Plaintiff and the Nevada Class Against Defendants)

44. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

45. Both Defendants are "employers" under NRS 613.560 and therefore subject to the requirements set forth in NRS 613.520, *et seq*. *See* NRS 613.440(1) ("Employer" includes

any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee.").

46. NRS 613.570 states that, subject to certain exceptions that are not applicable here, "it is unlawful for any employer in this State to (1) Directly or indirectly, require, request, suggest or cause any employee or prospective employee to submit a consumer credit report or other credit information as a condition of employment; (2) Use, accept, refer to or inquire concerning a consumer credit report or other credit information; (3) Discharge, discipline, discriminate against in any manner or deny employment or promotion to, or threaten to take any such action against any employee or prospective employee: (a) Who refuses, declines or fails to submit a consumer credit report or other credit information; or (b) On the basis of the results of a consumer credit report or other credit information[.]"

47. Defendants procured consumer reports, as defined by NRS 613.530, on Plaintiff and all Nevada Class Members. These reports were improperly procured for employment purposes.

48. Plaintiff and members of the Nevada Class are entitled to statutory damages for each and every one of these violations.

49. Plaintiff and members of the Nationwide Class are entitled to such amount of punitive damages as the Court may allow pursuant to NRS 42.005.

50. Plaintiff and members of the Nationwide Class are further entitled to recover their costs and attorneys' fees pursuant to NRS 613.590.

### THIRD CAUSE OF ACTION

**Violation of NRS 613.010**

(On Behalf of Plaintiff Against DRAGONFLY)

51. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52. NRS 613.010 states that "It shall be unlawful for any person, persons, company, corporation, society, association or organization of any kind doing business in this state by himself, herself, itself, themselves, his, her, its or their agents or attorneys to induce, influence,

persuade or engage workers to change from one place to another in this state, or to bring workers of any class or calling into this state to work in any of the departments of labor in this state, through means of false or deceptive representations, false advertising or false pretenses concerning: . . . (c) The . . . conditions of their employment[.]"

53. Defendant DRAGONFLY violated NRS 613.010(1) by luring Plaintiff to Nevada with false or deceptive representations, false advertising or false pretenses that a background/credit check was not required but then refusing to employ Plaintiff after he arrived in the state of Nevada.

54. Plaintiff has been damaged as a result of Defendant DRAGONFLY's false or deceptive representations, false advertising or false pretenses with respect to "conditions of employment" in the form of compensatory damages for lost wages, moving expenses, and emotional distress.

55. Plaintiff therefore requests all damages, attorneys fees, costs, and all other relief as a result of Defendant DRAGONFLY's unlawful conduct.

## FOURTH CAUSE OF ACTION

### Breach of Contract

(On Behalf of Plaintiff Against DRAGONFLY)

56. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

57. Defendant DRAGONFLY offered Plaintiff employment without disclosing that a background/credit check was a condition of employment.  Plaintiff accepted Defendant's offer of employment.  Only after having moved across the United States did Defendant DRAGONFLY breach the contract with Plaintiff and insist upon a background/credit check.  By refusing to continue to employ Plaintiff after illegally obtaining a background/credit check, Defendant breached the contract with Plaintiff to hire him for the position of R&D Engineer II in Reno Nevada.  Plaintiff has been damaged as a result of Defendant DRAGONFLY's breach in the form of lost wages, benefits, and relocation expenditures.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

58. Wherefore, Plaintiff is entitled to all recoverable damages, together with attorneys' fees, costs, and interest as provided by law.

### FIFTH CAUSE OF ACTION

**Promissory Estoppel**

(On Behalf of Plaintiff Against DRAGONFLY)

59. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

60. In the alternative to a breach of contract claim, Plaintiff is also entitled to relief in promissory estoppel.

61. Defendant DRAGONFLY promised Plaintiff that all the terms and conditions of employment were set forth in the Offer Letter. Defendant DRAGONFLY never disclosed that the completion of a background/credit check was a term and condition of employment. Plaintiff relied on Defendant DRAGONFLY's promise to their detriment by rejecting other employment offers, uprooting his family from Tampa Florida and moving to Reno Nevada.

62. Wherefore, Plaintiff is entitled to all recoverable damages, together with attorneys' fees, costs, and interest as provided by law.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the class demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief as follows:

1. Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;
2. Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the Classes;
3. Issuing proper notice to the Classes at Defendants' expense;
4. Declaring that Defendants committed multiple, separate violations of the FCRA;

5. Declaring that Defendants acted willfully, in deliberate or reckless disregard of Plaintiffs' and class members' rights and Defendants' obligations under the FCRA;

6. Awarding statutory and punitive damages as provided by the FCRA;

7. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

8. Declaring that Defendants committed multiple, separate violations of the NRS 613.520, *et seq.*;

9. Awarding statutory and punitive damages as provided by NRS 613.520, *et seq.*;

10. Awarding reasonable attorneys' fees and costs as provided by NRS 613.520, *et seq.*;

11. Declaring that Defendant DRAGONFLY violated NRS 613.010;

12. Awarding statutory and punitive damages as provided by NRS 613.010;

13. Awarding reasonable attorneys' fees and costs as provided by NRS 613.520, *et seq.*;

14. Declaring that Defendant DRAGONFLY promised employment to Plaintiff, that Plaintiff relied on that promise, that Plaintiff has been damaged because Defendant DRAGONFLY reneged on that promise, and awarding damages as a result thereof; and

15. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: September 26, 2023          THIERMAN BUCK LLP

/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff*